UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN O'BRIEN,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Criminal No.  03-CR-1110-L<br>Civil No. 09-CV-842-L<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Docket No. 623; 633] |

On April 22, 2009, Petitioner, Susan O'Brien ("Petitioner") proceeding *pro se*, timely filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255.  On June 9, 2009, the Government filed a Response to Petitioner's motion, and on June 24, 2009, Petitioner filed her Reply.

On September 3, 2009, Petitioner filed a Motion for Leave of Court to Amend her § 2255 motion, but she failed to attach a proposed amended § 2255 motion.  Therefore, the Court allowed Petitioner 30 days to re-submit the motion with her proposed amendments.  On September 23, 2009, Petitioner filed an *ex parte* application to withdraw her Motion for Leave of Court to Amend her § 2255 petition, which the Court granted on September 29, 2009.

On October 8, 2009, Petitioner filed a Motion for Leave of Court to File an Amended Legal Brief in Support of her § 2255 Petition under Federal Rule of Civil Procedure 15(a) and

attached a proposed amended memorandum.[1]  The Government filed a Response to the Amended Petition on November 18, 2009.  Petitioner filed her Reply on December 18, 2009.

The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below will deny Petitioner's motion.

## BACKGROUND

On April 15, 2003, Petitioner was indicted on tax evasion and failure to file income tax return charges.  On July 29, 2003, the grand jury returned a seventy-eight count superceding indictment charging Petitioner and seven co-defendants with conspiracy to defraud the Internal Revenue Service, tax evasion, filing false and fraudulent federal income tax returns, and aiding and assisting the preparation of false tax returns.  Petitioner was personally charged with one count of conspiracy to defraud, twelve counts of tax evasion, and thirty-four counts of aiding and assisting the preparation of false tax returns.  Petitioner was arraigned on August 12, 2003.

On August 21, 2003, the Court entered an Order and Finding of Fact stating "the ends of justice require that the case be declared complex, pursuant to Title 18, United States Code Section 3161(h)(8)(B)(ii) and (iv)." *See* Docket No. 37.  Therefore, the Court extended the time limits of the Speedy Trial Act.  The Court made specific factual findings in support of its order, including: the case involved eight defendants charged in a seventy-eight count indictment alleging tax fraud; Petitioner was charged with forty-seven counts; discovery was "voluminous, consisting of more than one hundred boxes of documents seized during the execution of search warrants, additional boxes of subpoenaed bank records, and more than two hundred undercover tape recordings;" and the parties had stipulated that it was "unreasonable to expect adequate preparation for pretrial proceedings and trial to be conducted by Defendants within the time limits of the Speedy Trial Act." *Id.*

On September 4, 2003, the Court entered the parties' stipulation regarding the complexity of the case and Speedy Trial Act as to all eight defendants, including Petitioner.[2]  In the

---

[1] The Court finds the Amended Petition relates back to the date of the original Petition under Fed.R.Civ.P. 15(c) because it "does not seek to add a new claim or insert a new theory." *United States v. Thomas*, 221 F.3d 430, 431 (9th Cir. 2000).

[2] Petitioner personally signed the stipulation on September 2, 2003.

stipulation, Petitioner agreed that:

> [T]he motions and trial schedule in the above-captioned case should be continued in order to permit the parties to adequately prepare for trial and to prevent a miscarriage of justice. . . . The parties agree that it is unreasonable to expect adequate preparation for pretrial proceedings and trial to be conducted by the defense within the limits of the Speedy Trial Act found at Title 18, United States Code Section 3161. The parties therefore stipulate that the complexity of the case requires a finding under Title 18, United States Code Section 3161(h)(8)(B)(ii) and (iv) that the ends of justice require a continuance outside the otherwise applicable bounds of the Speedy Trial Act.

*See* Docket No. 40.

Petitioner's jury trial began on January 31, 2006. On May 2, 2006, Petitioner was convicted of forty-one of the forty-seven counts she was charged with.[3] On October 17, 2006, the Court sentenced Petitioner to 125 months imprisonment.

On December 21, 2007, the Ninth Circuit affirmed Petitioner's conviction. On April 14, 2008, the United States Supreme Court denied her petition for writ of certiorari.

## ANALYSIS

Petitioner moves to vacate or set aside her sentence based on ineffective assistance of counsel.[4] Petitioner claims that her trial attorney was ineffective because he failed to file a pretrial motion to dismiss the indictment due to a violation of the Speedy Trial Act.

Petitioner's claim lacks both factual and legal merit. Petitioner contends that the Speedy Trial Act was violated when the Government did not bring her to trial by October 21, 2003. She

---

[3] Petitioner was found guilty of one count of conspiracy, twelve counts of tax evasion, and twenty-eight counts of aiding and assisting the filing of false income tax returns. The jury acquitted Petitioner of six counts of aiding and assisting the filing of false income tax returns.

[4] In her original Petition, Petitioner alleged three grounds for relief: (1) Speedy Trial Act violation; (2) ineffective assistance of counsel; and (3) fundamental sentencing errors. All claims alleged in an original petition, which are not alleged in an amended petition are waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (holding an amended pleading under Federal Rule of Civil Procedure 15(a) supercedes any prior pleadings). Because the Amended Petition does not explicitly or by reference incorporate the first and third claims from the original Petition, the Court deems those claims waived and will not address them.

also contends that the Court never properly excluded time under the Act. Petitioner argues that her attorney rendered ineffective assistance by failing to advise her that the Speedy Trial Act had been violated and by failing to inform her of her right to move for dismissal. The record establishes, however, that Petitioner and each of her co-defendants, along with all counsel, stipulated to extending the Speedy Trial time limits because the parties needed additional time to prepare for trial. "Where a defendant stipulates to the need for trial preparation, he 'cannot maintain that these continuances give rise to an [Speedy Trial Act] violation.'" *United States v. Palomba*, 31 F.3d 1456, 1462 (9th Cir. 1994). Moreover, this Court declared the case complex and excluded time under the Speedy Trial Act in an order that included specific findings of fact. Therefore, there was in fact no violation of the Speedy Trial Act. Accordingly, Petitioner's suggestion that defense counsel was ineffective for failing to advise her of a Speedy Trial Act violation or right to dismissal is flatly contradicted by the record. Furthermore, as the Government points out, Petitioner has not met either of the requirements for establishing ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).

The Sixth Amendment provides that every criminal defendant has the right to effective assistance of counsel. In *Strickland*, the Supreme Court enunciated the test for determining whether a criminal defendant's counsel rendered ineffective assistance. In order to prevail on a claim of ineffective assistance of counsel, the petitioner has the burden of showing both: (1) that his defense counsel's performance was deficient; and (2) that the deficient performance prejudiced him. *Id.* at 690-92; *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005). If the petitioner fails to sufficiently prove either prong of the test, the claim is extinguished. *Strickland*, 466 U.S. at 697. Further, the petitioner cannot fulfill this burden through allegations that are merely conclusory. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

To satisfy the deficient performance prong of *Strickland*, Petitioner must show that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, *post-hoc* complaints about the strategy or

tactics employed by defense counsel are typically found insufficient to satisfy the first prong of *Strickland*. *Id.* at 690. *See also People of Territory of Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984) ("A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel."); *United States v. Simmons*, 923 F.2d 934, 956 (2d Cir. 1991) (appellant's displeasure with strategy employed by trial counsel insufficient to establish ineffectiveness).

To establish prejudice under the second prong, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Here, Petitioner has not identified any aspect of her trial counsel's performance that could be considered outside the range of competence demanded of attorneys in criminal cases. Indeed, the record as a whole supports a contrary conclusion. Given the number of defendants, multitude of charges, voluminous discovery, and complexity of the issues in the case, it would have been virtually impossible for her counsel to mount a competent defense within the confines of the Speedy Trial clock. Therefore, the Court finds Petitioner's counsel was not ineffective for entering the stipulation to allow sufficient time to prepare Petitioner's defense. Nor was her counsel ineffective for failing to file a motion to dismiss because, as discussed above, there was no violation of the Speedy Trial Act. Further, to the extent Petitioner's claim is based on her defense counsel's tactical decision to enter the stipulation, it cannot be grounds for an ineffective assistance of counsel claim. *Santos*, 741 F.2d at 1169.

Therefore, the Court finds Petitioner has failed to meet her burden under the deficient performance prong of *Strickland*. Petitioner has also failed to make a showing of prejudice sufficient to substantiate an ineffective assistance of counsel claim.

### EVIDENTIARY HEARING

On October 9, 2009, Petitioner filed a motion seeking an evidentiary hearing on her § 2255 petition. The court is not required to hold an evidentiary hearing when ruling on § 2255 motions. 28 U.S.C. § 2255; *Shah*, 878 F.2d at 1159-60. Section 2255 allows courts to forego

such a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Racich*, 35 F.Supp. 2d 1206, 1221 (S.D. Cal. 1990). The Court finds an evidentiary hearing is not required in this matter because the records conclusively demonstrate Petitioner is not entitled to relief.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

**IT IS SO ORDERED.**

DATED: January 4, 2010

_____
M. James Lorenz
United States District Court Judge

COPIES TO:

PETITIONER
U.S. ATTORNEY'S OFFICE